descent lamps which illuminate "when a mantle is heated to incandescence by the combustion of a mixture of air and gas or vapor."

This interpretation certainly is not warranted by the language used in the provision, and no extraneous data to support such a construction has been called to the attention of the court. Our own research into the matter brings to light only that similar language, proposed by the United States Tariff Commission in the 1948 Summaries of Tariff Information, volume 3, part 5, in response to a resolution of the House Ways and Means Committee to "rewrite or otherwise bring up to date * * * the commodity summaries of Tariff Information," occasioned the following comment (page 220):

This summary covers (1) portable kerosene or gasoline cooking and heating stoves designed to be operated by compressed air, and parts thereof; (2) cooking and heating stoves of the household type, except those having as an essential feature an electrical element or device (for discussion of the latter see summary on electric ranges and parts, par. 353), and parts thereof; (3) blow torches and incandescent lamps operated by kerosene or gasoline and compressed air (for electric incandescent filament lamps, see separate summaries, par. 229); (4) typewriter spools; and (5) metal parts of carbonated-water siphons. Portable stoves operated by compressed air are used generally in trailers, boats, and camps, and for other purposes where larger stoves are not convenient. The household stoves covered by this summary are those which burn coal, coke, wood, kerosene, gasoline, or gas. Blow torches operated by compressed air are the types used by plumbers and mechanics. Typewriter spools are holders for inked typewriter ribbons. Parts of water siphons include heads, covers, cartridge holders, and other parts.

The accompanying table providing the foreign value and principal sources of the items covered by this provision for the period 1939–1946, lists, among the kinds of articles:

Brass blow torches and incandescent lamps operated by compressed air (kerosene or gasoline fuel).

The foregoing information was available to the negotiators of the Torquay protocol when its provisions were adopted, and it seems reasonable to assume that had all incandescent lamps of the nonelectrical variety had been intended to be embraced by the revision of paragraph 397, language of a considerably less specific nature would have been chosen.

Since the record in the instant case establishes that the lighting units at bar are not designed to be operated by compressed air and kerosene or gasoline, the claim of plaintiffs for classification and assessment of duty within said provision must fail. This being the only claim relied upon herein, all causes of action stated in the protests, or in any amendments thereto, are overruled.

Judgment will be entered accordingly.

BEFORE THE THIRD DIVISION, NOVEMBER 9, 1959

No. 63485.—Standard Food Products Corp. et al. v. United States, protests 85259–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States v. R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508),

and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

No. 63486.—Standard Food Products Corp. *v.* United States, protests 86951–K, etc. (New York).

Opinion by RICHARDSON, J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63487.—McKesson & Robbins, Inc. *v.* United States, protests 125846–K, etc. (New York).

Opinion by RICHARDSON, J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63488.—McKesson & Robbins, Inc. *v.* United States, protests 134624–K, etc. (New York).

Opinion by RICHARDSON, J.   In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33. C.D. 1155), the claim of the plaintiff was sustained.

No. 63489.—John C. Brent *v.* United States, protest 58/24660 (New York).

Opinion by RICHARDSON, J.   In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

No. 63490.—Bryant & Heffernan, Inc. *v.* United States, protest 59/12 (New York).

Opinion by RICHARDSON, J.   In accordance with rule 5(b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

No. 63491.—International Expediters, Inc. *v.* United States, protest 59/409 (New York).